CARNEY v. SHARP.

[78 South. 775, Division A.]

MORTGAGES. *Sale under trust deed. Liability of beneficiary to subsequent purchaser.*

Where a trust deed provided that in the event of sale the trustee would convey such title only as was vested in him, and a sale was made by the trustee and the beneficiary was repaid the money due him, the matter was terminated so far as the beneficiary was concerned; and where he had no connection with and derived no benefit from a subsequent sale to plaintiff by the purchaser at the trustee's sale, he would not be liable for any part of the consideration paid by plaintiff, although the title was not good in plaintiff because of an erroneous description in the trust deed, and the sale was held void for failure to advertise the property as required by the trust deed. In such case there was no obligatory or contractual relations between the beneficiary and the plaintiff either express or implied.

APPEAL from the chancery court of Lauderdale county. HON. G. C. TANN, Chancellor.

Suit by W. J. Sharp against G. H. Carney and others. From a decree against him, defendant named appeals.

The facts are fully stated in the opinion of the court.

*W. C. Sams,* for appellant.

A trustee in a deed of trust has only limited powers.
which are ended when the foreclosure sale shall have
been consummated. This has been discussed in my first
brief.' Also those who deal with trustees must be aware
that they exercise limited and delegated powers.  See
*Vernon* v. *Board of Police of Tippah County,* 47 Miss.
181. The trustee's agency both for the grantor and
beneficiary in the deed of trust ceases when the trustee
has exercised the authority granted to him in the deed
of trust. When this shall have been done the agency
of the trustee for the parties ceases. Therefore, appel-
lee cannot successfully contend before this court that
the agency of Frank Collins, who was trustee in the
deed of trust shown in the record, continued for months.
afterwards in a totally different transaction between
Sharp, the appellee and A. U. Flanigan, one of the
defendants in the lower court.

Also the fact that the appellant herein is the only
one of the defendants below that was solvent, will not
influence this court, as I take it, to uphold the decree of
the learned chancellor below, notwithstanding the argu-
ment in the brief of counsel for appellee. The decree
of the chancellor below must stand or fall, not upon
whether the appellant was the only one of the defend-
ants that was solvent, and not upon the fact that the
appellee herein would stand a better chance to make
his collections out of the appellant herein but must
stand or fall upon the law applicable to the facts as.
set out in the record and as summarized by the trial
court in its decree. All of the testimony shows that
appellant had nothing to do with the transaction be-
tween Flanigan and Sharp and that appellant received
no part of the money in question which came from the
land deal between Flanigan and Sharp, and knew
nothing about such transaction until months after.

In conclusion, I submit that the learned chancellor's decree was erroneous as shown by the reasons that the said learned chancellor set forth in his decree, and respectfully submit that the decree of the lower court should be reversed and the cause dismissed as to appellant herein.

*F. V. Brahan,* for appellee.

I submit that the decree is entirely proper and right on the pleadings and the testimony, as well as the law of the case and the rule, that the finding of the chancellor on the facts will not be disturbed, unless radically wrong, is too well settled in this state to require citation of authorities.

Collins was Carney's son-in-law, attorney, and confidential agent, as well as trustee in this case, and he undertook to foreclose the trust deed for Carney, and to invest the title in Flanigan, who, with Collins, negotiated and closed the sale for Carney of the lots to Sharp, and Collins collected Sharp's money as he had a right to do as attorney, agent, and trustee for Carney, and it matters not whether he paid the money to Carney or embezzled it, Carney was liable to Sharp for a return of his money with interest after he failed in his title to the lot.

Flanigan and Collins are insolvent, and do not appeal, but the record is replete with evidence of Collins' agency for Carney who engineered the scheme, and collected the money from Sharp, and Carney is therefore bound, whether he got the money or not.

With these remarks, I respectfully submit the decree should be affirmed.

HOLDEN, J., delivered the opinion of the court.

G. H. Carney appeals from a decree against him for four hundred, fifty dollars, based upon the following facts presented in the chancery court:

E. C. Breaux, in consideration of one hundred, fifty dollars, executed a deed of trust to W. F. Collins, trustee, upon certain real estate to secure the payment of the one hundred, fifty dollars to the appellant, G. H. Carney. The deed of trust was in the regular form, and provided that in event of sale the trustee would convey such title only as was vested in him by virtue of said deed of trust.⁵ Breaux having failed to pay the one hundred, fifty dollars to appellant, Carney, when due, the trustee, Collins, proceeded under said deed of trust to sell the property, and A. U. Flannigan purchased it at the trustee's sale, and the trustee, Collins, conveyed the property to Flannigan by trustee's deed. About two months after Flannigan purchased the property at the trustee's sale he conveyed it by warranty deed to the appellee, W. J. Sharp, in consideration of four hundred, fifty dollars. A few weeks afterwards it was discovered that the title to the property was not good in Sharp because of an erroneous description in the deed of trust from Breaux to Collins, trustee. It also appears that the sale by Collins, trustee, to Flannigan was held to be void by the chancellor on account of failure to advertise the property as provided by the terms of the deed of trust. The appellee, Sharp, then filed this suit in the chancery court against appellant, Carney, and others to recover the four hundred, fifty dollars paid by him to Flannigan for the property, and for which Flannigan had executed to appellee, Sharp, a warranty deed; Flannigan, as we have already said, having purchased the property at the trustee's sale from Collins, trustee.

The lower court granted a decree against the appellant, Carney, on the ground, it seems, that Sharp, appellee, should recover his money paid out to Flannigan, and that as Carney was the original beneficiary in the deed of trust, that he, too, should be held liable for the four hundred and fifty dollars paid by appellee, Sharp, to Flannigan, the subsequent purchaser at the

trustee's sale. It does not appear, however, that appellant, Carney, received any part of the four hundred and fifty dollars paid by appellee, Sharp, nor does this record disclose that Carney had any connection whatever with the transaction between Flannigan and Sharp; in fact, it does not appear anywhere that Carney had any connection with appellee, Sharp, at any time with reference to the sale of the property. The record shows that appellant, Carney, was appealed to, after it was discovered that the deed of trust contained a void description, and he refused to have anything to do with the subsequent transactions between any of the parties.

It appears simply and clear to us that no obligatory or contractual relations ever existed between appellant, Carney, and appellee, Sharp, either express or implied. Appellant, Carney, was merely the *cestui que trust* in the deed of trust given to secure the payment of the one hundred and fifty dollars advanced by him to Breaux, and after the deed of trust was foreclosed by the trustee, Collins, and the beneficiary, Carney, was repaid the money due him, the whole matter was closed and terminated so far as the beneficiary, Carney, was concerned; therefore there can be no rule or reason for holding appellant, Carney, in the sum of four hundred and fifty dollars, the amount paid by appellee, Sharp, to Flannigan, who was a subsequent purchaser at the trustee's sale made by Collins, trustee, in foreclosing the deed of trust executed in the first instance for the benefit of the appellant Carney.

There was no express or implied obligation on the part of the appellant, Carney, to refund or make good to appellee, Sharp, the amount paid by Sharp to Flannigan for the warranty deed to the property. Carney is not shown by this record to have had any connection with, nor benefit from, this subsequent sale, by agency,

or otherwise; and no fraud whatever appears, in fact or in law, so far as appellant, Carney, is concerned.

The chancellor seems to have held in his decree that a fraud was practiced upon Sharp by Flannigan and Collins, and that since Carney happened to be the beneficiary in the original deed of trust, that this fact "made possible the fraud on Sharp, whether intentional or not," and that Collins was acting as the agent of Carney. However, the record shows conclusively that Collins was not the agent of Carney in the sale by Flannigan to Sharp, nor was Collins connected with appellant, Carney, in any manner, except as trustee in the original deed of trust; in other words, appellant, Carney, was not concerned or in any manner connected with the subsequent transactions between Collins, Flannigan, and Sharp, and is not, therefore, liable to the appellee, Sharp, in any amount. Of course, appellee, Sharp, has his remedy, and it appears, in fact, that he has a decree against Flannigan and Collins for the amount paid out by him in consideration of the execution of the warranty deed to him by Flannigan.

The decree of the court below is reversed, and decree entered here for the appellant Carney.

*Reversed.*